## SAMUEL PICKETT *et al. versus* JOHN BRECKENRIDGE.

Where land appraised at $ 50·83, was set off in satisfaction of an execution amounting to $ 47·83 only, the levy was *held* to be invalid.

*Held* also, that in an action by the execution creditor, for use and occupation, against a tenant in possession under the execution debtor, the tenant might take advantage of the defect in the levy.

ASSUMPSIT to recover the rent of certain real estate.

The trial was in the Court of Common Pleas, before *Williams* J. The title of the plaintiffs to the land in question, was derived from the extent of an execution in their favor against Hiram S. Spencer. The defendant objected, that the extent of the execution was, on the face of the return, irregular, invalid and insufficient to pass such a title to the plaintiffs as would enable them to maintain this action. It appeared, that the land set off on execution was estimated by the appraisers at the sum of $ 800, and the incumbrances on it at the sum of $ 749·17, so that after the deduction of the incumbrance, the appraised value of the land would be $ 50·83; and that the amount of the execution and costs was only $ 47·83.

The judge instructed the jury that the extent was good and valid, and the jury returned a verdict for the plaintiff accordingly.

To this instruction the defendant excepted.

*Bishop* and *Jones*, for the defendant, to the point, that in statute conveyances, the requisitions of the statute must be strictly complied with, cited *Litchfield* v. *Cudworth*, 15 Pick. 28, 31; *Bott* v. *Burnell*, 11 Mass. R. 165; *Williams* v. *Amory*, 14 Mass. R. 20; *Eddy* v. *Knapp*, 2 Mass. R. 154; *Whitman* v. *Tyler*, 8 Mass. R. 284; *Tate* v. *Anderson*, 9 Mass. R. 92; *Allen* v. *Thayer*, 17 Mass. R. 299; *Libby* v. *Burnham*, 15 Mass. R. 147; *Alvord* v. *Collin*, 20 Pick. 424; *Elwell* v. *Shaw*, 1 Greenl. 339; *Huse* v. *Merriam*, 2 Greenl. 375; and to the point, that the defendant might avail himself of such defect in the extent of the execution, *Botts* v *Burnell*, 11 Mass. R. 165.

*Filley* and *Sumner*, for the plaintiffs, to the point, that the extent was valid not only as against a stranger but even as against the execution debtor himself, cited *Atkins* v. *Bean*, ˙ ℩

*Sept. 20th.*

Mass. R. 404 ; *Varnum* v. *Abbot*, 12 Mass. R. 474 ; *Bald-win* v. *Whiting*, 13 Mass. R. 57 ; *Marcy* v. *Kenney*, 9 Connect. R. 394 ; *Spencer* v. *Champion*, 9 Connect. R. 537.

WILDE J. delivered the opinion of the Court. This was an action of assumpsit for the use and occupation of real estate, the plaintiffs, title to which depends on the validity of the levy of an execution in his favor against one Hiram S Spencer. The objection to the validity of the levy is, that the value of the land as appraised, deducting an incumbrance on it, according to the direction of the Revised Stat. *c.* 73, § 31, exceeds the amount of the execution and all costs. The execution with the costs of the levy, amounted only to the sum of $47·83, whereas the land was appraised at the sum of $800, subject to an incumbrance of $749·17, which being deducted leaves a balance of $50·83, the estimated value of the land taken on the execution. So that more land was taken than the sheriff had any right to take ; and this, we think, is a fatal objection, which avoids the entire levy. The levy cannot be valid in part, and void in part ; and there is no legal mode of apportionment, by which the plaintiff's title to so much of the land as ·he had a right to take, can be confirmed. The surplus value of the land, it is true, is inconsiderable ; but not so trifling, as to come within the maxim *de minimis non curat lex* ; a maxim which can rarely be admitted in the administration of justice. It was, however, applied to the case of *Spencer* v. *Champion*, 9 Connect. R. 537. In that case the land set off on execution was appraised at the sum of $134·44, and the amount of the execution and officer's fees was only $134·30. And the court held that the levy was not void, on the maxim *de minimis.*

Without expressing any opinion of the decision in that case, we think it would not, if well founded, justify a similar decision in the present case, the excess being larger and more important.

It has been argued for the plaintiffs, that the mistake might have been in the amount of the incumbrance ; but if this were the fact, the officer's return might be amended and the mistake corrected. The validity of the title depends on the return of the officer, and that must be taken to be true.

It has also been argued, that admitting the plaintiffs' title **to**

be void as to the execution debtor, it is good as against the defendant ; that the levy cannot be avoided by any one but Spencer, or his assigns, and as he does not object to the plaintiffs' title, the defendant cannot impeach it, who has no interest in the question. It does not, however, appear that Spencer has acquiesced in the plaintiffs' title, or that he has any knowl edge of the mistake. For aught we know, the defendant is liable to pay the rent to Spencer, and may be compelled to pay it to him, even if the plaintiff should recover in this action.

The defendant, therefore, has a right to protect himself against a double payment, by objecting to the plaintiffs' title ; so that whether the levy be merely void, or voidable only, is not material.

*Judgment of C. C. P. reversed.*